IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:04-cr-08-ECM |
| | ) | (WO) |
| FRANK JAMES EDWARDS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Frank James Edwards' motion for compassionate release, which the Court construes as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 73). In his motion for a sentence reduction, Edwards alleges that he suffers from "hepatitis C, hypertension, diabetes, degenerative osteoarthritis, and nuclear sclerosis—which substantially diminish his ability to provide self-care in a correctional setting and from which he is not expected to recover." (*Id.* at 1). The United States opposes the motion, arguing that Edwards' "medical records indicate his chronic conditions are being managed and do not show that he is no longer capable of self-care within the correctional setting." (Doc. 79 at 8). The motion is ripe for resolution. For the reasons that follow, the Court concludes that the Defendant's motion is due to be denied.

On May 24, 2004, the Defendant pleaded guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 66). On August 31, 2004, Edwards was sentenced to 276 months of imprisonment which "consist[ed] of 57 months on counts 1 and 4 to be served concurrently with each other, 84

months on count 2, and 135 months on count 5, to be served consecutively to each other and counts 1 and 4." (*Id.* at 2). Edwards did not appeal his conviction or sentence. His current projected release date from the Bureau of Prisons ("BOP") is September 13, 2024. (https://www.bop.gov/inmateloc/ last visited April 6, 2022).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). A district court may grant compassionate release only if it makes the following three findings, in any particular order: (1) there is an extraordinary and compelling reason; (2) the reduction in the sentence would be consistent with § 1B1.13 of the Sentencing Guidelines (including a determination whether release would endanger the community); and (3) the sentencing factors found at 18 U.S.C. § 3553(a) weigh in favor of release. *See United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to

the Commentary of § 1B1.13, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant[1]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

> So to apply 1B1.13, a court simply considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the four reasons that could make him eligible for a reduction. If he is dangerous or if his circumstances do not match any of the four categories, then he is ineligible for a reduction.

*Bryant*, 996 F.3d at 1254.

Moreover, a defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The United States concedes, (doc. 79 at 8), and the Court concludes, that Edwards properly pursued administrative relief and, thus, has exhausted his administrative

---

[1] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," his condition must be significantly deteriorating due to aging, and he must have served at least ten years or seventy-five percent of his sentence. Although Edwards argues that "his health more closely resembles a 67-year-old man" because incarcerated men against faster than non-incarcerated men, (doc. 73 at 13–14), he is 58 years old.

3

remedies.

Edwards asserts that his "chronic and deteriorating medical conditions . . . substantially diminish his ability to provide self-care in a correctional facility and from which he is not expected to recover." (Doc. 73 at 1). In addition, these conditions render him more susceptible to COVID-19, and thus, constitute "extraordinary and compelling" reasons justifying a reduction in his sentence. (*Id*. at 7–8). "Under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described in Section 1B1.13." *Giron*, 15 F.4th at 1346. Edwards' medical conditions are not terminal, and he has not demonstrated that his medical condition "substantially diminishes" his ability to care for himself while incarcerated. *See* U.S.S.G. § 1B1.13; *Giron*, 15 F.4th at 1346. The medical records show that while Edwards periodically relies on a cane, crutches or knee brace, there is insufficient evidence before the Court to show that he cannot care for himself in an institutional setting.

The other reasons proffered by Edwards do not fit within the circumstances defined by Section 1B1.13.[2] Edwards argues that "he would receive significantly less punishment" if sentenced today due to intervening changes in the law, and he has been rehabilitated in prison. (Doc. 79 at 2, 5–6). These reasons do not constitute "other reasons" because the Director of the Bureau of Prisons has not determined that they fall within the category of

---

[2] The Court has reviewed the Supplemental Exhibit filed by Edwards on April 8, 2022. (Doc. 83). To the extent that Edwards is now complaining that the BOP is failing to provide him adequate medical care, this reason does not fit within §1B1.13, and a motion for sentence reduction is not the appropriate mechanism to raise this complaint.

"other reasons." *Giron*, 15 F.4th at 1347 (holding that only the Director of the Bureau of Prisons can determine "other reasons" within the meaning of § 1B1.13). Because the Court concludes that Edwards has failed to demonstrate that extraordinary and compelling reasons exist for granting his motion, it need not address any of the § 3553(a) factors or whether his release would endanger the community. "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either no extraordinary and compelling reason exists or that the defendant is a danger to the public." *Giron*, 15 F.4th at 1347. *See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (absence of one condition precludes a sentence reduction).

Thus, because Edwards' bases for requesting a sentence reduction do not constitute extraordinary and compelling reasons, and thus, do not meet the criteria set forth in § 1B1.13, his motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for sentence reduction (doc. 73) is DENIED.

DONE this 12th day of April, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE